HARRIS, J.
Because the record reflects that the trial court lacked jurisdiction to consider the issue below, we quash the judgment on appeal. We find that the judgment below was entered without jurisdiction and is a nullity.
Short was charged in the Circuit Court with robbery and simple battery. Because the court had jurisdiction of the felony, it also had jurisdiction of the associated misdemeanor. But prior to trial, the State announced that it could not go forward with the felony but wished to proceed with simple battery and petit theft.
The defense argued that it would be different charges from those in the charging document which would constitute an amended information. The judge held it would not constitute an amended information; the State would merely be going to trial on the lesser included charge to robbery, petit theft, and the associated battery.
The defense again insisted that if the case went to trial on only misdemeanors, then jurisdiction was in County Court. The judge replied:
That is true. The only thing I have jurisdiction to try is the battery, since the county judge and the circuit judge are just sitting in each other’s courts ... Let’s try the battery, then. Let’s get our jurors on the way. You each have six challenges.
The jury returned a verdict of guilty of battery and the judge, as a judge of the Circuit Court, entered judgment. Because the Circuit Court has no jurisdiction to try misdemeanors in the absence of a felony, the judgment itself is a nullity.
The discussion between the court and cóunsel set out above indicates that the judge may have been proceeding in his capacity as a temporarily assigned county judge. But while a cross-assigned circuit judge may sit as a county court and try issues properly before the county court, he *576 may not try those issues in the capacity of a circuit court regardless of the cross-assignment. The jurisdiction of the various courts cannot be changed by the assignment of judges.
Perhaps the Judgment reflecting that it was entered by the Circuit Court was merely a clerical error and the Clerk of Court should have reflected the County Court instead. If so, this appeal should have been taken to the Circuit Court and not here.
Since the judgment on appeal is a nullity, we quash the judgment and remand.
JUDGMENT QUASHED and CAUSE REMANDED with directions to vacate the judgment.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.