PETERSON, J.
Dallas Pinkard appeals his judgment and sentence following the return of a jury verdict finding him guilty of one count of misdemeanor battery, the sole charge against him. We find Pinkard’s argument that the circuit court lacked subject matter jurisdiction to enter judgment on the misdemeanor battery dispositive of this appeal and quash the judgment.
Pinkard was first charged in the Osceola County Court with one count of battery under case number DM 02-000423 pursuant to section 784.03, Florida Statutes (2002). The State then filed an amended information in the circuit court under case number 02-DF 246 charging Pinkard with one count of battery with one previous conviction for battery, a third-degree felony.[1] A notation appears on the amended information as follows:
This information encompasses the transaction and all charges listed on Complaint Number DM02-000423 and the *378 bond thereon is hereby superseded. The Osceola County Sheriffs Office and the Osceola County Dept, of Corrections shall substitute the charge(s) and bond indicated on the information for those on the above cited complaint.
The record contains the jury instructions and the jury verdict, both of which bear the caption of the circuit court and the circuit court case number.
When the parties appeared for trial, it is clear that the circuit court was in session with a county court judge assigned as an acting circuit court judge. The State announced that it was ready to proceed only on the misdemeanor count of battery and explained that because that offense is a lesser included offense of the third-degree felony, it had not filed an amended information. The trial court explored the reason for the State’s announcement and learned that the State could not prove the previous battery required to enhance the instant offense to a third-degree felony.
The trial court then announced that it was proceeding with the original information but said that it would “still have to read the actual D.F. [circuit court] case number. I don’t think it’s going to make any difference, but I’ve got to read it.”
We disagree with the trial court. The original information filed in the county court had been superseded by the amended information filed in the circuit court charging Pinkard with a third-degree felony. The State’s decision to dispense with filing a second amended information in the county court because a simple battery is a lesser included offense of a third-degree felony battery did not breathe life into the original information, nor did this transfer the action back to the county court.
In Short v. State, 767 So.2d 575 (Fla. 5th DCA 2000), both felony and misdemeanor charges had been filed in the circuit court. The state announced at the beginning of trial that it was proceeding only on the misdemeanor charges. Defense counsel objected on the grounds that the circuit court had no jurisdiction over a case solely involving misdemeanors. The circuit court determined that it had jurisdiction and allowed the trial to proceed. The jury found the defendant guilty of the one misdemeanor charge actually tried and judgment was entered. This court reversed the conviction:
Because the Circuit Court has no jurisdiction to try misdemeanors in the absence of a felony, the judgment itself is a nullity.
The discussion between the court and counsel ... indicates that the judge may have been proceeding in his capacity as a temporarily assigned county judge. But while a cross-assigned circuit judge may sit as a county court and try issues properly before the county court, he may not try those issues in the capacity of a circuit court regardless of the cross-assignment. The jurisdiction of the various courts cannot be changed by the assignment of judges.
Perhaps the Judgment reflecting that it was entered by the Circuit Court was merely a clerical error and the Clerk of Court should have reflected the County Court instead. If so, this appeal should have been taken to the Circuit Court and not here.
Id. at 575-76. This court held in Short that the judgment was a nullity and quashed it. The same result obtains here.
We find nothing in the record that would serve as a re-transfer of the charges against Pinkard from the circuit court back to the county court. More specifically, the jury received instructions as though it was in the circuit court, the jury verdict form indicates that it was rendered in the circuit court and the judgment and sen *379 tence bears the circuit court case number. Notwithstanding, we note the judgment and sentence is captioned “In The County Court....” We conclude that the action was a circuit court proceeding that bears a flavor of the county court only by confusion of the caption in the judgment and sentence, which caption was either a misnomer or an attempt to resolve the confusion after the fact.
The judgment and sentence are quashed.
Judgment and Sentence QUASHED.
SHARP, W. and TORPY, JJ„ concur.

. § 784.03(2), Fla. Stat. (2002).